IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JASON KLINTWORTH,<br>(2) ALK ENTERPRISES, LLC,<br><br>  Plaintiff,<br><br>vs.<br><br>(1) DEMARCO METOYER,<br>(2) VALLEY FORGE INSURANCE COMPANY,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 17-CV-448-JHP-mjx<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

The Petitioner, Valley Forge Insurance Company ("Valley Forge"), Defendant in the above-captioned case, states the following:

1. The above-entitled cause was commenced on June 24, 2016, in the District Court of Tulsa County, entitled *Jason Klintworth v. DeMarco Metoyer,* Case No. CJ-2016-2345. (Petition, Exhibit 1). The action arises from an automobile accident that occurred on March 9, 2016. In his original Petition, Jason Klintworth was the only Plaintiff, and DeMarco Metoyer, the alleged tortfeasor, was the only named Defendant. Plaintiff sought to recover from Metoyer for alleged negligence in causing the motor vehicle accident.

2. Two months after filing this action, Plaintiff, Jason Klintworth, filed a Return of Summons stating Metoyer was served via certified mail on July 9, 2016. (Summons Return, Exhibit 3). Metoyer failed to timely answer or otherwise plead, and has been in default since July 29, 2016. (State Court Docket, Exhibit 15).

3. Notwithstanding the fact Metoyer has been in default for excess of one year, Plaintiff,

1

Jason Klintworth, has not sought or secured a default judgment against Metoyer. Indeed, the Official State Court Docket reflects Plaintiff, Jason Klintworth, has taken no action to advance his claims in this litigation against Metoyer. (State Court Docket, Exhibit 15).

4.     Plaintiff, Jason Klintworth, filed an Amended Petition on July 26, 2016, adding as a Defendant, Linda K. Cervantes. (Amended Petition, Exhibit 2). Cervantes, who is deceased, was later substituted by the Special Administrator of her Estate. The Estate of Cervantes was dismissed from this action with prejudice on April 11, 2017. (Dismissal, Exhibit 8).

5.     On May 1, 2017, Plaintiff filed a Motion to Amend seeking only leave of court to add Defendant, Valley Forge Insurance Company ("Valley Forge"). (Motion to Amend, Exhibit 9). On May 8, 2017, the court granted Plaintiff's Motion to Amend to add Valley Forge. (Order, Exhibit 10).

6.     Despite being granted permission to add Valley Forge as a Defendant on May 8, 2017, Plaintiff, Jason Klintworth, waited nearly a month and a half to file his Second Amended Petition against Valley Forge. Specifically, Plaintiff's Second Amended Petition was filed on June 20, 2017, a mere four (4) days short of one year after this action was first commenced on June 24, 2016. (Second Amended Petition, Exhibit 11). In his Second Amended Petition, Plaintiff, Jason Klintworth's, asserts claims against Valley Forge for alleged breach of an insurance contract and alleged breach of the duty of good faith and fair dealing relating to the recovery of Uninsured Motorist ("UM") Coverage. (Second Amended Petition, Exhibit 11). In his Second Amended Petition, *and without leave of Court*, Plaintiff added as an additional Plaintiff, his employer, AKL Enterprises, LLC. That addition was a legal nullity in that leave of court was never granted to add AKL Enterprises, LLC, as a party Plaintiff.

7. Plaintiffs served Valley Forge via service on the Oklahoma Insurance Commissioner on July 3, 2017. (Letter, Insurance Commissioner to Valley Forge, 7-3-2017, Exhibit 4). The Summons and Second Amended Petition were received by Valley Forge's Law Department on July 7, 2017. (Exhibit 4). Thus, as of the date in which Valley Forge was served, this action had been on file for one year and nine days. In fact, the Oklahoma Insurance Commissioner was served a mere six business days after the one year anniversary of Plaintiff's filing of this action.

8. In the event of removal based on diversity of citizenship, a case may not be removed more than one year after commencement of the action, unless the district court finds that the plaintiff acted in bad faith in order to present a defendant from removing the action. 28 U.S.C. § 1446(c)(1). Specifically, § 1446 (c)(1) provides as follows:

> **(c) Requirements; removal based on diversity of citizenship.**—(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the Plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1).

9. Valley Forge contends the facts set forth in paragraphs one through seven herein, and the Exhibits attached hereto, establish Plaintiffs' bad faith in preventing Valley Forge from removing this action within the one year period set forth in § 1446 (c)(1). Specifically, Plaintiff, Jason Klintworth, waited eleven months to seek leave of court to amend and add Valley Forge. Even though amendment was granted on May 8, 2017, Plaintiff, Jason Klintworth, waited until June 20, 2017, to file his Second Amended Petition, which was a mere four days before the one year period lapsed on June 24, 2017. Plaintiffs then waited until July 3, 2017–*after the one year period lapsed*–to serve Valley Forge via the Insurance Commissioner. In turn the Insurance Commissioner mailed the

Summons and Second Amended Petition to Valley Forge, and Valley Forge received same on July 7, 2017. The actions of Plaintiffs as documented by the foregoing facts ensured that Valley Forge could not remove this case to federal court within the one year period set forth in which 28 U.S.C. § 1446(c)(1). In addition, Plaintiffs have never taken a default judgment against Metoyer *even though he has been in default for in excess of one year*. Plaintiffs failure to take a default judgment against Metoyer, the only non-diverse Defendant in this action, appears to have been intentionally calculated to attempt to prevent the removal of this case to federal court. Indeed, had a timely default judgment been taken against Metoyer, this case would have been subject to removal nearly one year ago because judgment would have been entered against the only nondiverse Defendant, Metoyer.

10. The Defendant, Valley Forge, is incorporated in the State of Pennsylvania and has its principal place of business in the State of Illinois. Plaintiff, Jason Klintworth, is a citizen and resident of the State of Oklahoma. Putative Plaintiff, ALK Enterprises, LLC, is an Oklahoma Limited Liability Company whose members are residents and citizens of the State of Oklahoma. Thus, complete diversity of citizenship exists between the foregoing Plaintiffs and Defendant, Valley Forge.

11. According to Plaintiffs, Defendant, Metoyer, is a citizen and resident of the State of Oklahoma. (Second Amended Petition, ¶ 4, Exhibit 11). "However, Rule 21 of the Federal Rules of Civil Procedure provides that '[o]n motion or on its own, the court may at any time, on just terms, add or drop a party' and 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.'" *Scarlett v. TDW Services, Inc.*, 2017 WL 1628976, *2 (W.D.Okla. May 1, 2017) quoting *Newman-Green, Inc. v. Alfonso-Larrain*, 490 U.S. 826, 832 (1989) (citation omitted). The Tenth Circuit has

acknowledged that "[a] district court can dismiss a dispensable nondiverse party pursuant to Fed.R.Civ.P. 21 to cure a jurisdictional defect at any point in the litigation, including after judgment had [been] entered." *Ravenswood Inc. Co. L.P. v. Avalon Correctional Servs.* 651 F.3d 1219, 1223 (10th Cir. 2011)

      12.     Here, Metoyer is both nondiverse and dispensable. Plaintiffs' claims against Valley Forge are to recover for alleged breach of contract and alleged breach of the duty of good faith and fair dealing relating to an insurance contract providing UM coverage. Under Oklahoma law, the tortfeasor is a dispensable party in relation to such a claim. *See Keel v. MFA Ins. Co.*, 553 P.2d 153 (Okla. 1976). In *Keel*, the Oklahoma Supreme Court expressly recognized such an action may be filed without joining the alleged uninsured tortfeasor:

> He [the UM insured] may file an action directly against his insurance company without joining the uninsured motorist as a party defendant and litigate all of the issues of liability and damages in that one action.

*Id*. at 158 (brackets added). Accordingly, Metoyer is a dispensable party in this action, and this court may exercise original jurisdiction under 28 U.S.C. § 1332(a) absent Metoyer. His presence is clearly a ruse because if Plaintiff, Jason Klintworth, had any real interest in securing a judgment against Metoyer he could have done so at any time he has been in default.

      13.     Plaintiffs served Defendant, Valley Forge, through service on the Oklahoma Insurance Commissioner on July 3, 2017, and Valley Forge received the Summons and Petition from the Oklahoma Insurance Commissioner on July 7, 2017. (*See* Letter from Oklahoma Insurance Commissioner to Valley Forge, 7-3, 2017, Exhibit 4). Thus, this action has been removed within 30 days after the receipt by Valley Forge, through service of otherwise, of a copy of the initial pleading pursuant to 28 U.S.C. § 1446(b).

14. Subject to severance of Metoyer pursuant to Fed.R.Civ.P. 21, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 (1992), by reason of the fact that this is a civil action between citizens of different states, and the amount in controversy, according to Plaintiff's demands, exceeds Seventy-Five Thousand and No/100ths Dollars ($75,000.00), exclusive of interest and costs and is between citizens of different states. Accordingly, this action may be removed by Valley Forge pursuant to 28 U.S.C. § 1441(a).

15. Pursuant to LCvR81.2, all documents filed or served in this action have been attached hereto as follows:

Exhibit 1: Petition

Exhibit 2: Amended Petition

Exhibit 3: Summons Return

Exhibit 4: Letter from Oklahoma Insurance Commissioner to Valley Forge

Exhibit 5: Suggestion of Death Upon the Record

Exhibit 6: Motion to Substitute Executrix For Deceased Party

Exhibit 7: Order Substituting Party

Exhibit 8: Dismissal With Prejudice

Exhibit 9: Plaintiff's Motion to Amend the Petition

Exhibit 10: Order Granting Plaintiffs' Motion to Amend Petition

Exhibit 11: Second Amended Petition

Exhibit 12: Entry of Appearance

Exhibit 13: Special Entry of Appearance and Request for Enlargement of Time

Exhibit 14: Order

Exhibit 15: Tulsa County Docket Sheet

16.  As documented by the Joinder In and Consent to Removal of Defendant, Metoyer, filed contemporaneously herewith, all defendants join in and consent to this removal pursuant to Pursuant to 28 U.S.C. § 1446(b)(2)(A).

**WHEREFORE,** Defendant, Valley Forge Insurance Company, respectfully prays that this action be removed.

Dated this 2nd day of August, 2017.

Respectfully submitted,

**ATKINSON, HASKINS, NELLIS,
BRITTINGHAM, GLADD & FIASCO**

  /s/ Walter D. Haskins
Walter D. Haskins, OBA #3964
Rebecca J. David, OBA #32762
1500 Park Centre
525 South Main
Tulsa, Oklahoma 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
Attorneys for Defendant,
Valley Forge Insurance Company

### Certificate of Service

I hereby certify that on August 2, 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mark S. Stanley
1516 South Boston Avenue, Suite 316
Tulsa, OK 74119

-and-

Adam Scott Weintraub
Savage, O'Donnell, Affeldt, Weintraub & Johnson
110 West 17th St., Suite 1010
Tulsa, OK 74119
***Attorneys for Plaintiff***

                                       /s/ Walter D. Haskins

S:\Files\337\285\Removal\Notice-mac.wpd