## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JASON KLINTWORTH; and** | ) | |
| **ALK ENTERPRISES, LLC,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 17-CV-448-JHP-JFJ** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **VALLEY FORGE INSURANCE** | ) | |
| **COMPANY, and** | ) | |
| **DEMARCO METOYER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Before the undersigned is Plaintiffs' Motion to Remand (ECF No. 15).  The motion was referred for Report and Recommendation by United States District Judge James Payne.  The undersigned recommends that the Motion to Remand be **GRANTED.**

### I.    Factual Background

On March 9, 2016, Defendant Demarco Metoyer ("Metoyer") was involved in a three-car accident while driving a vehicle insured by Key Insurance Company ("Key").  The accident resulted in the deaths of two individuals and injuries to Jason Klintworth ("Klintworth") and others.  On June 24, 2016, Klintworth filed a negligence action against Metoyer in Tulsa County District Court.  Metoyer failed to timely answer or otherwise plead and has been in default since July 29, 2016.

On March 20, 2017, Key filed a separate interpleader action in Tulsa County District Court naming all deceased or injured parties and creditors and interpleading $50,000 of insurance proceeds.  Klintworth placed his uninsured motorist ("UM") carrier, Valley Forge Insurance Company ("Valley Forge"), on notice of his negligence action against Metoyer and the

interpleader action.  On May 8, 2017, the state court judge presiding over the negligence action granted Klintworth leave to amend his petition to assert claims against Valley Forge.

On June 20, 2017, four days prior to the one-year outer time limit for removal of actions to federal court, Klintworth filed a Second Amended Petition ("SAP") asserting claims for breach of contract and breach of the duty of good faith and fair dealing against Valley Forge.  Klintworth also added Klintworth's employer, ALK Enterprises ("ALK"), as an additional Plaintiff.[1] Klintworth served Valley Forge with the SAP on July 3, 2017, after expiration of the one-year deadline for removal.  Klintworth is a citizen and resident of Oklahoma; ALK is an Oklahoma limited liability company whose members are citizens and residents of Oklahoma; and Metoyer is a citizen and resident of Oklahoma.  Valley Forge is incorporated in Pennsylvania and has its principal place of business in Illinois.

On August 2, 2017, Valley Forge filed a Notice of Removal pursuant to 28 U.S.C. § 1332(a), and Metoyer consented to removal.  Valley Forge alleged that complete diversity exists because Metoyer, the alleged tortfeasor and non-diverse defendant, is a "dispensable party" under Federal Rule of Civil Procedure 19 ("Rule 19").  Valley Forge argued this Court should sever and remand claims against Metoyer pursuant to Federal Rule of Civil Procedure 21 ("Rule 21").  ECF No. 2 at ¶ 11.  Valley Forge alleged its removal was timely because Plaintiffs acted in bad faith to prevent removal.  ECF No. 2 at ¶ 9; *see* 28 U.S.C. § 1446(c)(1) (allowing untimely removal if party acts in "bad faith in order to prevent a defendant from removing the action").  Following removal, Valley Forge filed a motion to sever, requesting an order "severing the claims against the

---

[1] Klintworth did not obtain leave of court to add ALK as a Plaintiff, and Valley Forge contends ALK is not a proper Plaintiff.  ALK's presence or non-presence as a party does not impact the jurisdictional issues presented, and the undersigned does not reach the issue of whether ALK is a proper Plaintiff.

dispensable party, DeMarco Metoyer, and remanding those claims back to the District Court for Tulsa County."  ECF No. 8 at 2.

While the Motion to Remand was pending, Valley Forge filed a declaratory judgment against ALK, and the case was assigned to United States District Judge Gregory Frizzell.  ALK moved to dismiss the action on grounds that the court should decline to hear the declaratory judgment action in deference to this first-filed action.  Judge Frizzell dismissed the declaratory judgment action without prejudice in deference to this action.  *See Valley Forge Ins. Co. v. ALK Enter., LLC*, Case No. 17-CV-501-GKF-JFJ, Doc. 14.

On March 5, 2018, while the Motion to Remand was pending, Plaintiffs voluntarily dismissed Metoyer as a party.  Valley Forge did not request leave to file supplemental briefing addressing the impact of Metoyer's voluntary dismissal, and Plaintiffs did not withdraw their Motion to Remand.

## II.     Motion to Remand

In the Motion to Remand, Plaintiffs raise two challenges to Valley Forge's Notice of Removal: (1) removal was untimely under 28 U.S.C. § 1446(c)(1) because Plaintiffs did not engage in bad-faith conduct to prevent removal; and (2) removal was improper because complete diversity did not exist at the time of removal.  For purposes of this recommendation, the undersigned assumes without deciding Valley Forge's removal was timely.  However, the undersigned recommends granting the motion to remand because complete diversity did not exist at the time of removal.[2]

---

[2] The parties' briefs address in detail whether Plaintiffs acted in bad faith to prevent removal, including whether Plaintiffs delayed seeking judgment against Metoyer in bad faith and/or delayed naming/serving Valley Forge in bad faith.  Because the undersigned rejects Valley Forge's "complete diversity" arguments, the undersigned does not reach the timeliness issue.

## A.  Removal Standard

Because federal courts are courts of limited jurisdiction, they must have a statutory basis for their jurisdiction.  *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013).  The federal removal statute permits removal of civil actions "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441.  The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence, *see Dutcher*, 733 F.3d at 985, and the "propriety of removal is judged on the complaint as it stands at the time of the removal," *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991).  Where, as here, a defendant bases removal on 28 U.S.C. § 1332(a), it must show that complete diversity exists between adverse parties and that the amount in controversy exceeds $75,000.  *Dutcher*, 733 F.3d at 987.  "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.*

## B.  Valley Forge Did Not Allege "Fraudulent Joinder" or "Fraudulent Misjoinder" of Metoyer

Before addressing Valley Forge's arguments in support of removal, the undersigned briefly explains what Valley Forge did *not* allege in its Notice of Removal.  First, Valley Forge did not allege the well-established doctrine of fraudulent joinder, which permits a court to "ignore" the citizenship of a non-diverse party if the removing party can prove either: (1) actual fraud in the pleading of jurisdictional facts, or (2) a plaintiff's inability to establish a cause of action against that party in state court.  *Dutcher*, 733 F.3d at 988.  Valley Forge did not allege or attempt to establish that Plaintiffs pled fraudulent facts regarding Metoyer or that Plaintiffs have no possibility of establishing a cause of action against Metoyer.  *See generally Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1246 (D.N.M. 2013) (explaining fraudulent joinder doctrine and finding no fraudulent joinder of tortfeasor even though plaintiff "might not have much success getting any money from [him]").

4

Second, Valley Forge did not allege the lesser-known doctrine of fraudulent misjoinder.[3]

Fraudulent misjoinder occurs when a plaintiff "'sues a diverse defendant in state court and joins a

non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to

join such defendants in one action.'"   *See Ullman*, 995 F. Supp. 2d at 1232 (quoting E. Farish

Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 Harv. J.L. &

Pub. Pol'y 569, 572 (2006)).   While traditional fraudulent joinder applies if the plaintiff has no

*substantive* legal claim against the diversity spoiler, fraudulent misjoinder applies if a plaintiff has

no valid *procedural* basis for joinder of the diversity spoiler.   *See id.*   In conducting a fraudulent

misjoinder analysis, courts determine whether a joined claim satisfies permissive joinder standards

under state law or Federal Rule of Civil Procedure 20(a)(2).   *See* Percy, *supra*, at 590 (explaining

that "courts are divided on whether to analyze alleged fraudulent misjoinder pursuant to the state

or federal procedural rule governing permissive joinder of parties"); *see also Ullman*, 995 F. Supp.

2d at 1250-51 (defining issue as whether plaintiff "misjoined [the non-diverse tortfeasor] in

violation of Rule 20," such that federal court may "drop and ignore [the non-diverse tortfeasor]

and retain the case"); *Jamison v. Purdue Pharma Co.*, 251 F. Supp. 2d 1315, 1323 (S.D. Miss.

2003) (analyzing Mississippi permissive joinder standards and Rule 20(a)(2) in determining

whether claims against non-diverse pharmacist were fraudulently misjoined with claims against

pharmaceutical companies).   Valley Forge did not allege or attempt to establish that Plaintiffs'

claims against Metoyer are fraudulently misjoined, *i.e.*, that they fail to satisfy permissive joinder

standards under Oklahoma law or Rule 20(a)(2).

---

[3] The Tenth Circuit has discussed but not expressly adopted the fraudulent misjoinder doctrine.
*See Lafalier v. State Farm Fire and Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010).

**C.** **Rule 21 Severance of "Dispensable" Party May Not Be Used to Create Diversity Jurisdiction in Removed Cases**

Rather than allege fraudulent joinder or fraudulent misjoinder of Metoyer, Valley Forge alleged Metoyer was a "dispensable party" under Rule 19(a).  Rule 19(a) governs when a party "must be joined" in a federal suit.  Valley Forge argues Metoyer is "dispensable" because: (1) the Oklahoma Supreme Court permits a plaintiff to proceed solely against his UM carrier without joining the uninsured motorist, *see Keel v. MFA Ins. Co.*, 553 P.2d 153, 158 (Okla. 1976); and (2) all issues surrounding Metoyer's insurance coverage with Key will be resolved in the state interpleader action, negating any potential prejudice to Plaintiffs.  Valley Forge further alleges the federal court may, upon a finding of dispensability, sever Plaintiffs' claims against Metoyer under Rule 21, remand the claims to state court, and retain federal jurisdiction over Plaintiffs' claims against Valley Forge.

Rule 21 permits a court to "at any time, on just terms, add or drop a party."  Rule 21 may be used to "cure a jurisdictional defect at any point in the litigation, including after judgment has been entered."  *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (emphasis added) (explaining exception to "time-of-filing rule" to cure jurisdictional defect through use of Rule 21 in the context of a non-removed action).  In order to utilize Rule 21 in this manner, the party must not be "indispensable" as defined by Rule 19.  *See Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369 (10th Cir. 1998).  "[W]hether a party is indispensable, and whether a dispensable party may be dismissed to maintain diversity – depend on the district court's careful exercise of discretion. . . ."  *Id.*  This discretionary curing of jurisdictional defects through Rule 21, after conducting a Rule 19 analysis, appears to be grounded in principles of fairness and economy.  The Tenth Circuit explained the "classic case" for dropping a non-diverse party to cure a jurisdictional defect:

6

Because the district court in the instant case granted summary judgment in favor of Tampax on all claims of the plaintiffs, it seems unfair and inequitable to us to allow the plaintiffs a second chance to establish their claims against Tampax, and, conversely, to require Tampax to resist for a second time claims upon which it has already prevailed on the merits. This, in our view, is a classic case for dropping dispensable, non-diverse parties in order to preserve federal jurisdiction and thus give effect to a ruling by a federal court on the merits of a defense raised by a diverse party. In other words, by the simple act of dropping Dr. Taylor and St. Mary Hospital from the case, the district court can preserve the integrity of its own order granting summary judgment for Tampax on plaintiffs' claims.

*Varley v. Tampax, Inc.*, 855 F.2d 696, 701 (10th Cir. 1988) (reversing district court's decision to dismiss case entirely, rather than sever non-diverse parties and give effect to its judgment).

Valley Forge's requested use of Rule 21 is distinct from the use authorized by the above line of decisions and requires close analysis. Valley Forge correctly argues that some courts have utilized Rule 21 to sever and remand a "non-indispensable" party in the removal context, rather than require a plaintiff to prove fraudulent misjoinder. *See, e.g., Mayfield v. London Women's Care*, PLLC, No. CIV.A. 15-19-DLB, 2015 WL 3440492, at *5 (E.D. Ky. May 28, 2015) (severing and remanding medical malpractice claim against non-diverse doctor/clinic from product liability claim against foreign defendant who manufactured mesh implants used in surgery) (declining to reach question of "fraudulent misjoinder"); *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *2 (N.D. Ohio June 29, 2009) ("I can retain jurisdiction by severing claims against nondiverse dispensable defendants.") (declining to reach issue of fraudulent misjoinder). However, in a published decision in this district, Judge Frizzell declined to utilize Rule 21 in this manner and remanded the case to state court. *See Echols v. OMNI Med. Group*, 751 F. Supp. 2d 1214, 1217 (N.D. Okla. 2010) (facts involved medical malpractice claim joined with product liability claim).

The undersigned concludes that a defendant may not premise removal on a combination of Rule 19(a) "dispensability" and Rule 21 "severability" of a non-diverse party. Instead, in order for complete diversity to exist at the time of removal, a defendant must allege and ultimately

establish fraudulent joinder or fraudulent misjoinder of the non-diverse party.[4]   The undersigned

reaches this decision for three reasons.  First, the language of Federal Rules of Civil Procedure 81

and 82 supports this conclusion.  Rule 81(c)(1) provides that the "rules apply to a civil action *after*

*it is removed from a state court.*"  Fed. R. Civ. P. 81(c) (emphasis added).  A defendant cannot

cure a facially defective removal through use of federal procedural devices, such as Rules 19 and

21.  *See* Percy, *supra*, at 619 ("Arguably, Rule 21 was not intended to create jurisdiction where no

basis for federal jurisdiction would otherwise exist.") (explaining that author found "troubling"

any opinions suggesting that "a finding of fraudulent joinder is not a prerequisite to severance and

dismissal"); *see also Coastal Const. Co. v. N. Am. Specialty Ins. Co.*, No. CIV. 11-00115 HG-

BMK, 2011 WL 1637467, at *3 (D. Haw. Apr. 29, 2011) (reasoning that "dropping" an allegedly

non-indispensable, non-diverse party pursuant to Rule 21 in a post-removal posture "will not cure

the lack of removal jurisdiction").  Further, Rule 82 provides that the rules of civil procedure "do

not extend or limit the jurisdiction of the district courts."  As reasoned by Judge Frizzell in *Echols*,

this type of post-removal severance under Rule 21 would "constitute an impermissible use of the

federal rules to extend federal jurisdiction under Rule 82."  *Echols*, 751 F. Supp. 2d at 1217.

Second, the Supreme Court has indicated that Rule 21 authority "should be exercised

sparingly," even in the context of non-removed cases.  *See Newman-Green, Inc. v. Alfonzo-*

*Larrain*, 490 U.S. 826, 838 (1989) (permitting severance and dismissal of non-diverse, dispensable

party but where "requiring dismissal [of entire matter] after years of litigation would impose

unnecessary and wasteful burdens on the parties, judges, and other litigants waiting for judicial

attention").  As explained above, this curative doctrine developed to prevent waste of resources

where a federal court had entered judgment or taken other substantial steps in the litigation, *see*

---

[4] Based on this conclusion, the undersigned does not reach whether Metoyer is an "indispensable"
party under Rule 19(a).

*Varley*, 855 F.2d at 701 (explaining "classic case for dropping dispensable, non-diverse parties" is where severance is necessary to "give effect to a ruling by a federal court on the merits"), not to permit a federal court to expand removal jurisdiction.

Finally, allowing a defendant to remove based on a federal district court's discretionary determination of whether a party is "indispensable," rather than in cases of fraudulent joinder or fraudulent misjoinder, runs afoul of general removal principles. This case illustrates the problems with this approach. Oklahoma law permits a plaintiff who has a claim against an uninsured motorist, and a possible UM claim against his own insurer, to proceed in one of four ways. *See Keel*, 553 P.2d at 158. One option is to "file an action joining both the uninsured motorist and the insurance company as party defendants and litigate all issues of liability and damages in one action," while another option is to "file an action directly against his insurance company without joining the uninsured motorist as a party defendant and litigate all of the issues of liability and damages in that one action." *See id.* Valley Forge urges the Court to ignore Plaintiffs' election in state court and sever claims against the uninsured motorist under a discretionary federal rule *after* removal. Even if there are compelling reasons to sever or drop the claim, this violates well-established principles that removal statutes are strictly construed and that removal must be based on facts existing at the time of removal. *See generally Shannon v. Mejias*, No. 06-1191, 2006 WL 3201118, at * 5 (D. Kan. Nov. 3, 2006) ("A court simply cannot create diversity jurisdiction by carving out the non-diverse parties in a case removed from the state system."). Therefore, the undersigned concludes Metoyer's citizenship must be considered and that Valley Forge failed to establish "complete diversity" of the parties at the time of removal.

> **D.   Plaintiffs' Dismissal of Metoyer Following Removal Does Not Render Removal Proper**

For reasons explained above, Valley Forge's removal was improper based on the lack of complete diversity between Plaintiffs and Metoyer. Complicating this case, Plaintiffs voluntarily

dismissed Metoyer after removal while the motion to remand was pending.  There now exists complete diversity.  This raises the question of whether Plaintiffs' post-removal, voluntary dismissal of the only non-diverse party functions to render the case removable in the first instance.

Valley Forge, which bears the burden of proof, did not move to file supplemental briefing in support of its Notice of Removal.  Based on review of relevant law, the undersigned concludes Plaintiffs' dismissal of Metoyer cannot render removal proper.  The "applicable test is whether diversity jurisdiction existed when the removal petition was filed, not . . . whether it exists at the time the federal court is considering the motion to remand." *Vasura v. Ascands*, 84 F. Supp. 2d 531, 536 (S.D.N.Y. 2000) (rejecting argument that diversity exists because non-diverse party was voluntarily dismissed after removal); *Rudow v. Monsanto Co.*, No. C99-4700 TEH, 2001 WL 228163, at *6 (N.D. Cal. Mar. 1, 2001) (same).  *But see Horton v. Scripto-Tokai Corp.*, 878 F. Supp. 902, 907 (S.D. Miss. 1995) (finding that voluntary dismissal of non-diverse defendant one day after removal "converted a non-removable case to a removable one").  The *Vasura* court persuasively reasoned that "[i]f one keeps in mind the fundamental precept that removal jurisdiction must be ascertained as of the time of removal, one may fairly derive from these cases the principle that removal on the ground of diversity is not subject to post-hoc justification." *Vasura*, 84 F. Supp. 2d at 538.  The *Vasura* court also recognized that, while there may be equitable circumstances justifying creation of federal jurisdiction at the end of litigation, the "baseline assumption [is] that in the absence of complete diversity at the time of removal the failure to remand [is] error – even though diversity [is] later attained." *Id.* at 537.  Permission to cure jurisdictional error at late stages of a federal proceeding does not justify commission of error in the first instance.

**E.      Plaintiffs' Fee Request**

Section 1447(c) provides that a remand order "may" require payment of attorney's fees, and a court has significant discretion in determining whether a fee award is proper.  28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) (rejecting argument that fees should be awarded automatically, or that there should be strong presumption in favor of awarding fees, upon granting motion to remand).   The standard for awarding fees turns on the "reasonableness of the removal," and courts "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.* at 141.

Valley Forge raised a somewhat novel removal argument premised upon Rules 19 and 21, which the undersigned rejected.  However, Valley Forge cited at least some case law supporting its position, and the undersigned does not conclude Valley Forge lacked an objectively reasonable basis for removal.  Therefore, the undersigned recommends denying Plaintiffs' request for attorney fees and costs in seeking remand.

## RECOMMENDATION

Valley Forge's Notice of Removal fails to allege complete diversity of the parties, and the undersigned rejects Valley Forge's reliance on Rules 19 and 21 to permit removal, severance, and remand of claims against Metoyer.  Based on the lack of complete diversity at the time of removal, the undersigned recommends that the Motion to Remand (ECF No. 15) be **GRANTED** and that the matter be remanded to the District Court for Tulsa County.  The undersigned recommends that Plaintiffs' request for attorney fees and costs be **DENIED.**

## OBJECTION

In accordance with 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b)(2), a party may file specific written objections to this report and recommendation.  Such specific written

objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma by August 29, 2018.

If specific written objections are timely filed, Federal Rule of Civil Procedure 72(b)(3) directs the district judge to

> determine *de novo* any part of the magistrate judge's disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*; *see also* 28 U.S.C. § 636(b)(1). The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for *de novo* review by the district court or for appellate review.

**SUBMITTED** this 15th day of August, 2018.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**