UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JASON KLINTWORTH, and<br>ALK ENTERPRISES, LLC, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Case No. 17-CV-0448-CVE-JFJ |
| VALLEY FORGE INSURANCE COMPANY,<br>and DEMARCO METOYER, | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is the report and recommendation (Dkt. # 26) of Magistrate Judge Jodi F. Jayne recommending that the Court grant plaintiffs' motion to remand (Dkt. # 15). Defendant Valley Forge Insurance Company has filed an objection to the report and recommendation (Dkt. # 27).

### I.

On March 9, 2016, plaintiff Jason Klintworth, defendant Demarco Metoyer, and others were involved in a vehicle collision in Tulsa County, Oklahoma. On June 20, 2017, Klintworth and ALK Enterprises, LLC, filed a second amended petition against Metoyer and Valley Forge, Klintworth's uninsured motorist carrier, in Tulsa County District Court. Dkt. # 2-11. On August 2, 2017, Valley Forge filed a notice of removal (Dkt. # 2) in this Court pursuant to 28 U.S.C. § 1332(a), and Metoyer joined in removal (Dkt. # 7). In response, plaintiffs filed a motion to remand (Dkt. # 15), arguing that (1) removal was untimely, and (2) removal is improper because complete diversity did not exist at the time of removal. Id. at 3-12. The magistrate judge recommended that the Court grant plaintiffs' motion to remand because complete diversity did not exist at the time of removal, and

defendant cannot premise removal on Federal Rule of Civil Procedure 19 ("Rule 19") dispensability and Federal Rule of Civil Procedure 21 ("Rule 21") severability of a nondiverse party. Dkt. # 26, at 7. Defendant filed an objection to the report and recommendation, arguing that the magistrate judge erred in finding that Rule 21 may not be used to sever a plaintiff's claims against a nondiverse dispensable defendant to achieve diversity jurisdiction in removed cases. Dkt. # 27, at 1.

Based on the Court's independent review of the entire record, the Court finds that the report and recommendation accurately recites the facts. See Dkt. # 26, at 1-3. Moreover, neither party has objected to the magistrate judge's findings of fact. Therefore, the Court turns to the legal issues raised in defendant's objection to the report and recommendation (Dkt. # 27).

## II.

Removal to federal court is authorized for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Because federal courts are courts of limited jurisdiction, however, there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); see Siloam Springs Hotel, LLC v. Century Surety Co., 781 F.3d 1233, 1236 (10th Cir. 2015). The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Dutcher v. Matheson, 733 F.3d 980, 984 (10th Cir. 2013).

In its notice of removal, defendant Valley Forge asserts that the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a). Dkt. # 2, at 5. Section 1332(a) grants federal courts jurisdiction over civil actions in which (1) complete diversity exists between plaintiffs and defendants and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete

2

diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." Dutcher, 733 F.3d at 987.

In resolving the motion to remand, the Court must consider whether it had original jurisdiction under § 1332(a) at the time of removal. Salzer v. SSM Health Care of Oklahoma Inc., 762 F.3d 1130, 1133 (10th Cir. 2014) ("[The] propriety of removal is judged on the complaint as it stands at the time of the removal" (quoting Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991))).[1] At the time of removal, the parties to the lawsuit were Klintworth and ALK Enterprises as plaintiffs, and Metoyer and Valley Forge as defendants. Dkt. # 2. Klintworth is a citizen and resident of Oklahoma, and ALK Enterprises is a limited liability company, the members of which are citizens and residents of Oklahoma. Dkt. # 2-11. Metoyer is a citizen and resident of Oklahoma, and Valley Forge is incorporated in Pennsylvania and has its principal place of business in Illinois. Dkt. # 14. Therefore, both plaintiffs have the same residency as Metoyer, and complete diversity was lacking at the time of removal.

Valley Forge does not dispute that Metoyer was a defendant at the time of removal or that he has the same residency as plaintiffs. Rather, Valley Forge argues that the Court may utilize Rules 19 and 21 to "drop" Metoyer from the case as a dispensable party. Dkt. # 27, at 4-6. On that basis, Valley Forge argues that "this court may exercise original jurisdiction under 28 U.S.C. § 1332(a) absent Metoyer." Dkt. # 2, at 5.

---

[1] Plaintiffs voluntarily dismissed Metoyer after removal while the motion to remand was pending. Dkt. # 23. As a result, the only non-diverse party has been dismissed from the case. Nonetheless, the Court must assess jurisdiction based on the complaint as it existed at the time of removal, not at any time thereafter. Salzer, 762 F.3d at 1133. Thus, plaintiffs' voluntary dismissal of Metoyer after removal does not impact the Court's assessment of the propriety of removal.

While the Court agrees that complete diversity and, thus, original jurisdiction would exist had Metoyer been absent from the case at the time of removal, the fact remains that Metoyer was a party to the suit at the time Valley Forge filed its notice of removal. Moreover, although Rule 21 allows the Court to dismiss a dispensable party, the use of Rule 21 is subject to the Court's "careful exercise of discretion." Lenon v. St. Paul Mercury Ins. Co., 126 F.3d 1365, 1369 (10th Cir. 1998). Further, the Supreme Court has advised that, as a general matter, Rule 21 "should be exercised sparingly." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 838 (1989). The Court finds that it would be an abuse of discretion for this Court to use Rule 21 for the sole purpose of manufacturing removal jurisdiction in the first instance.

As defendant notes, Rule 21 may be used to "cure a jurisdictional defect" in certain circumstances. Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs., 651 F.3d 1219, 1223 (10th Cir. 2011). However, there is a difference between curing a jurisdictional defect and creating federal jurisdiction in the first instance. For example, in Varley v. Tampax, Inc., 855 F.2d 696 (10th Cir. 1988), the Tenth Circuit held that it was proper to use Rule 21 to drop a party from a case to preserve federal jurisdiction where the court had already decided the merits of a defense raised by a diverse defendant. Specifically, dismissing the case entirely would have allowed the plaintiffs a second chance to establish their claims and would have required the defendant to resist those claims for a second time, despite having already prevailed on the merits. Id. at 701. Similarly, in Miller v. Leavenworth-Jefferson Elec. Co-op., Inc., 653 F.2d 1378 (10th Cir. 1981), the Tenth Circuit held that it was proper to use Rule 21 to drop a dispensable nondiverse party to preserve complete diversity where defendant filed a post-judgment motion arguing, for the first time, that plaintiff's employer, despite not being named in the suit, was an indispensable nondiverse party. Id. at 1381.

4

In sum, a court may use Rule 21 where an underlying jurisdictional issue went undetected until a late stage of the litigation, such that remand would result in a waste of time and resources and would undermine the integrity of a merits decision by the court. Here, in contrast, the parties are still in the early stages of litigation, and the Court has not decided the merits of the case or issued a judgment, the integrity of which would be undermined by remand. Rather, defendant requests that the Court use Rule 21 for no reason other than to provide defendant with a post-hoc justification for removing the case. The only argument that Valley Forge presents in support of its request is that Metoyer's presence in the action is "clearly a ruse." However, Oklahoma law permits a plaintiff who has a claim against an uninsured motorist and a possible uninsured motorist claim against his own insurer to sue both the uninsured motorist and the insurance company in one action, or to sue the insurance company without joining the uninsured motorist. Keel v. MFA Ins. Co., 553 P.2d 153, 158 (Okla. 1976). Here, plaintiffs opted to sue the insurance company and the uninsured motorist jointly, and they were entitled to do so. The fact that the insurance company would prefer to be sued directly does not make the uninsured motorist's presence in the suit "a ruse." The Court refuses to simply ignore plaintiffs' election to sue the insurance company and the uninsured motorist jointly in favor of defendant's preference to have the case heard in federal court. The Court will not use Rule 21 to manufacture federal jurisdiction in this context. Therefore, because Metoyer's citizenship must be considered, complete diversity was lacking at the time of removal. Accordingly,

the Court finds that defendant Valley Forge failed to satisfy its burden of establishing federal jurisdiction at the time of removal, and plaintiffs' motion to remand should be granted.[2]

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 26) is **accepted**, and plaintiffs' motion to remand (Dkt. #15) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to remand this case to Tulsa County District Court.

**DATED** this 21st day of September, 2018.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs also argue that defendant's notice of removal was untimely because it was filed more than one year after the commencement of the action. Defendant argues that plaintiffs acted in bad faith in order to prevent defendant from removing the action. Because the Court finds that removal was improper for lack of subject-matter jurisdiction, the Court does not reach the issues of timeliness and bad faith.